UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:05-CV-150-R

THOMAS COLVIN and JUANITA COLVIN                                         PLAINTIFFS

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA                 DEFENDANT

## OPINION AND ORDER

This matter is before the Court on Motion to Bifurcate and Stay (Dkt. # 11) of Defendant

American Bankers Insurance Company of Florida ("American Bankers").  Plaintiffs responded

(Dkt. # 14), and this matter is now ripe for decision.  For the reasons set forth below,

Defendants' Motion will be **DENIED** without prejudice.

## BACKGROUND

This case arises out of an insurance policy, owned by Plaintiffs and issued by American

Bankers, on a mobile home located in Taylor County, Kentucky.  On or about May 30, 2004,

wind and storm damaged the mobile home.  Plaintiffs filed a claim under their policy, which

American Bankers denied.  Plaintiffs then filed the instant lawsuit in Taylor Circuit Court, and it

was removed from that court on September 26, 2005.  On December 12, 2005 American Bankers

filed a motion seeking bifurcation, for purposes of discovery as well as trial, of Plaintiffs' bad

faith claim from its other claims in the case.

## DISCUSSION

The parties agree that Fed. R. Civ. P. 42(b) applies to give the Court discretion to

determine whether bifurcation is appropriate in this case.  That rule provides as follows:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials
> will be conducive to expedition and economy, may order a separate trial of any claim,

cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

In exercising its discretion, then, the Court must consider the issues of expediency and prejudice. Although in a third-party action, prejudice typically dictates bifurcation of a bad faith claim, the case before us is a first-party action.  In light of the close relationship between the evidence relating to the denial of coverage and the evidence relating to the bad faith claim, the Court declines to bifurcate the case at this time.  If, however, the discovery process reveals information that presents an issue of prejudice which Defendant believes would merit bifurcation of the trial, Defendant may re-file the motion at that time.

## CONCLUSION

For the reasons above, the Court **DENIES** the motion to bifurcate without prejudice.  In light of the approaching deadlines, the Court believes a telephonic status conference is necessary.  The conference will be set for April 13, 2006 at 12:00 noon, Central.  The Court will initiate the call.